Peterson, J., concurring.
When DFCS determined that Christopher Steiner was to be designated as a "substantiated" child abuser for the rest of his life, it gave him notice of this decision in language so incomprehensible that a third-rate email scammer would be embarrassed to have written it. But Steiner hasn't proved that his designation deprived him of any liberty that the decisions of the United States Supreme Court allow us to recognize under the Due Process Clause of the United States Constitution, and so the failure to give him any meaningful process in connection with his designation does not entitle him to relief. For that reason, I concur in the decision denying Steiner relief. But DFCS did fail to provide any meaningful process, and that failure should not go without comment.
Notice and an opportunity to be heard is the sine qua non of due process. The notice that DFCS gave Steiner was utter gibberish: "You were substantiated on as a result of K.S. maltreator exposed the child to inappropriate sexual contact which resulted in the maltreator touched and dry humped her in the residence of the legal guardian." This mash-up of undefined initials, legal-sounding jargon, and made-up words makes ordinary bureaucratese seem Shakespearean by comparison. What does it mean to be "substantiated on"? What is a "maltreator"? Who is K. S.? How does "inappropriate sexual contact" "result" in a "maltreator" "touch[ing] and dry hump[ing]" this unknown person? Those are questions I can answer only with the benefit of the whole record, a benefit Steiner did not enjoy. And after receiving this incomprehensible notice, Steiner had only ten days to decide whether to challenge his designation.
The child abuse registry statute gives DFCS unusually broad power to declare someone to have committed child abuse-one of the most heinous acts possible-before they've had an opportunity to defend themselves. The least we should expect of DFCS is that it will exercise that power seriously and with care to ensure appropriate process. If DFCS believes the notice issued in this *899 case was sufficient, I cannot help but doubt DFCS's commitment to meeting even that minimal expectation. I sincerely hope to be proved wrong.
I am authorized to state that Chief Justice Hines, Justice Blackwell and Justice Boggs join in this concurrence.